UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jonathan Lee Riches, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Lawrence A. Jegen, III, and Thomas F. Sheehan; | ) | C/A No.  6:08-0824-MBS-WMC |
| William Soto-Beniquez and Juan Soto-Ramirez; | ) | C/A No.  6:08-0825-MBS-WMC |
| Anthony M. Shea and Michael K. O'Halloran; | ) | C/A No.  6:08-0826-MBS-WMC |
| Stephen A. Saccoccia and Henry Lombard, Jr.; | ) | C/A No.  6:08-0827-MBS-WMC |
| Alfred Trenkler and Thomas L. Shay; | ) | C/A No.  6:08-0828-MBS-WMC |
| Mike Lavallee and Robert Verbickas; | ) | C/A No.  6:08-0829-MBS-WMC |
| Tomo Razmilovic and David E. Nachman; | ) | C/A No.  6:08-0830-MBS-WMC |
| Sylvestre Acosta and Paul Skinner; | ) | C/A No.  6:08-0831-MBS-WMC |
| Archie Joyner and Richard Jason Lapsley; | ) | C/A No.  6:08-0832-MBS-WMC |
| Defendants. | ) | |

The above listed cases are civil actions filed by a prisoner. The cases have been construed as actions brought pursuant to 42 U.S.C. § 1983. Therefore, in the event that a limitations issue arises, the Plaintiff shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at moment of delivery to prison authorities for forwarding to District Court). Under Local Rule 73.02(B)(2), pretrial proceedings in this action have been automatically referred to the assigned United States Magistrate Judge.

In the above listed cases, Plaintiff uses the term "class action." As a *pro se* prisoner, Jonathan Lee Riches cannot be an advocate for others in a class action. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 & n. * (4th Cir. 1975). *See also Hummer v. Dalton*, 657 F.2d 621, 625-626 (4th Cir. 1981)(a prisoner cannot act as a "knight-errant" for others). Therefore, to the extent Plaintiff wishes to bring a class action lawsuit, he cannot do so.

In addition, Jonathan Lee Riches lists additional plaintiffs in the caption of each complaint. However, Jonathan Lee Riches is the only listed plaintiff to sign the pleadings. Therefore, Jonathan Lee Riches is the only person docketed as a plaintiff in these cases.[1]

**TO THE CLERK OF COURT**:

The above listed cases are subject to summary dismissal based on an initial screening. Therefore, the Clerk of Court shall ***not*** issue the summonses or forward these matters to the United States Marshal for service of process, unless instructed to do so by a United States District Judge or a Senior United States District Judge.

The Clerk of Court shall *not* enter any change of address submitted by the Plaintiff which directs that mail be sent to a person other than the Plaintiff unless that person is an attorney admitted to practice before this court, and the attorney has entered an appearance.

**TO THE PLAINTIFF**:

The Plaintiff must place the civil action number(s) listed above on any document provided to the Court pursuant to this Order. **Any future filings in these cases must be sent to the address below.** All documents requiring Plaintiff's signature shall be signed with his full legal name written in his own handwriting. *Pro se* litigants shall *not* use the "s/typed name" format used in the Electronic Case Filing System. In any future filings with this Court, the Plaintiff is directed to use letter-sized paper ( 8 ½ inches by 11 inches) only, and write or type text on one side of a sheet of paper only. Do not write or type on both sides of any sheet of paper. The Plaintiff is further instructed not to write to the edge of the paper, but to maintain one inch margins on the top, bottom and sides of each paper submitted.

The Plaintiff is a *pro se* litigant. The Plaintiff's attention is directed to the following important notice:

> You are ordered to always keep the Clerk of Court advised **in writing** (**Post Office Box 10768, Greenville, South Carolina 29603**) if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this Order, you fail to meet a deadline set by this

---

[1] Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party."

Court, your case(s) may be dismissed for violating this Order. Therefore, if you have a change of address before these cases have ended, you must comply with this Order by immediately advising the Clerk of Court in writing of such change of address, and include the docket number(s) of any pending case(s) you have filed in this Court. Your failure to do so will not be excused by the court.

Put this Order with your own records regarding the above listed cases so that you will not overlook your duty. If an attorney serves you by mail on behalf of a Defendant, you also have a duty to notify that attorney if your address is to be changed for mail purposes. The Plaintiff is, hereby, informed that if his address changes in the future, he must provide *his* prison or jail address.

**IT IS SO ORDERED**.

s/William M. Catoe
United States Magistrate Judge

March 24, 2008
Greenville, South Carolina

*The Plaintiff's attention is directed to the important warning on the next page.*

# IMPORTANT INFORMATION ....PLEASE READ CAREFULLY

# WARNING TO PRO SE LITIGANTS

All Documents That You File with the Court Will Be Available to the Public on the Internet Through Pacer (Public Access to Court Electronic Records) and the Court's Electronic Case Filing System.

*YOU* ARE RESPONSIBLE FOR PROTECTING YOUR IDENTITY FROM POSSIBLE THEFT. *YOU* MUST REMOVE CERTAIN *PERSONAL IDENTIFYING INFORMATION* FROM ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING. IT IS NOT THE COURT'S RESPONSIBILITY TO REMOVE PERSONAL IDENTIFYING INFORMATION FROM YOUR DOCUMENTS BEFORE THEY ARE ELECTRONICALLY DOCKETED.

Under the Privacy Policy of the Judicial Conference of the United States, *a litigant, whether represented by counsel or appearing pro se, must not put certain types of the litigant's (or any other person's) personal identifying information in documents submitted for filing to any United States District Court.* This rule applies to *ALL* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party for filing. If the litigant finds it necessary to submit a document containing personal identifying information, the litigant must "black out" or redact the personal identifying information prior to submitting the document to the Office of the Clerk of Court for filing.

1. Types of personal information that **MUST** be removed or redacted from documents before filing:

**(a) Social Security numbers.** If an individual's social security number must be included in a pleading, only the last four digits of that number shall be used.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, only the initials of that child shall be used.
**(c) Dates of Birth.** If an individual's date of birth must be included in a pleading, only the year shall be used.
**(d) Financial Account Numbers.** If financial account numbers are relevant, only the last four digits of these numbers shall be used.
**(e) Juror Information.** If a document containing identifying information about a juror or potential juror must be filed (*e.g.*, verdict form or indictment), all personal information identifying a juror or potential juror must be redacted.

2. Other sensitive personal information of the litigant (or any other person) that should be considered for possible removal or redaction:

Any personal identifying number, including a driver's license number; medical records; employment history; individual financial information; proprietary or trade secret information; information regarding an individual's cooperation with the government; information regarding the victim of any criminal activity; national security information; and/or sensitive security information described in 49 U.S.C. § 114(s).